IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WAYNE REDDICK, : | |
| : | |
| Petitioner, : | |
| : | |
| vs. : | Civil Action File No. |
| : | **7:05-CV-121 (HL)** |
| HUGH SMITH, Warden, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action are several motions. Petitioner was convicted in Tift County, Georgia, on May 25, 1994, for one count of armed robbery and one count of aggravated sodomy. He was sentenced to two life sentences. Petitioner did not appeal or seek collateral review of his Tift County convictions. Petitioner filed the instant federal petition pursuant to 28 U.S.C. § 2254 on December 19, 2005, challenging his Tift County convictions.

*1. Petitioner's Motion for Certificate of Release (Doc. 8)*

A review of this motion reveals that it is a reiteration of the petition for habeas corpus relief. In light of the recommendation below to respondent's motion to dismiss, it appears that this motion is now moot, and it is accordingly RECOMMENDED that it be **DENIED**.

*2. Respondent's Motion to Dismiss the Petition (Doc. 11)*

Petitioner was convicted in Tift County, Georgia, on May 25, 1994, for one count of armed robbery and one count of aggravated sodomy. He was sentenced to two life sentences. Petitioner did not appeal or seek collateral review of his Tift County convictions. Petitioner filed

the instant federal petition pursuant to 28 U.S.C. § 2254 on December 19, 2005, challenging his Tift County convictions.   Respondent moves to dismiss the petition as unexhausted and untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).

   The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996.  Section 2254 of the AEDPA provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> 4) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

   Petitioner admits that he never filed an appeal or a state habeas corpus.  He has also never filed a motion for an out of time appeal, nor pursued *habeas corpus* relief through state courts pursuant to O.C.G.A. § 9-14-41.

   A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus. See, e.g., Nelson v. George, 399 U.S. 224, 229, 90 S.Ct. 1963, 1966, 26 L.Ed.2d 578 (1970); Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 831, 3 L.Ed.2d 900 (1959); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). The exhaustion-of-state- remedies doctrine, codified in the federal habeas statute, 28

U.S.C. §§ 2254(b) and (c),  reflects a policy of federal-state comity, 'an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.' Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407,  408, 30 L.Ed.2d 418 (1971).

The Supreme Court has consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950) (overruled in other respects, Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 847 (1963)).

Consequently, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss be **GRANTED**, and that this petition be **DISMISSED without prejudice** for petitioner's failure to exhaust.

Respondent also moves to dismiss the instant petition with prejudice for petitioner's failure to file within the applicable time period.   Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under this

subsection.

Petitioner states that the failure to timely file the present habeas should be equitably tolled. In <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik</u>, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," <u>Steed</u>, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1312 (11th Cir.2001); *see also* <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." <u>Drew,</u> 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. <u>Id.</u> at 1287-89. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., <u>Johnson v. United States</u>, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); <u>Helton</u>, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); <u>Steed v. Head</u>, 219 F.3d 1298 (11th Cir.2000) (holding that

attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

If petitioner files another federal habeas petition after exhausting all available state remedies, petitioner could make the argument at that point that he is entitled to equitable tolling. The undersigned declines to find that petitioner could or could not make such a showing at a later date, but instead only recommends that this petition be dismissed without prejudice for petitioner's failure to exhaust.

### 3. *Petitioner's Motion for Injunction (Doc. 18)*

Petitioner requests that an injunction issue because he is in imminent danger of serious physical harm from correctional officers at Georgia State Prison, alleging that he has been beaten and physically harmed by correctional officers.

The undersigned notes that this type of request is more appropriately addressed in a 42 U.S.C. § 1983 action. Consequently, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**, but that petitioner be allowed to file the appropriate documents to file a § 1983 action by way of a separate action at a later date.

### 4. *Petitioner's Motion for Relief   (Doc. 19)*

This motion appears to be nothing more than a brief filed in support of this petition. As such, it provides nothing for the court to decide. Therefore, it is the RECOMMENDATION of the undersigned that the motion be **DENIED**; however, the undersigned did consider the filing in determining whether petitioner has exhausted and timely filed the instant petition.

### 5. *Petitioner's Motion for Relief (Doc. 20)*

This motion appears to be a recitation of the instant petition. In light of the recommendation above to dismiss this petition for failure to exhaust and for untimely filing, it is further the RECOMMENDATION of the undersigned that this motion for relief be **DENIED**.

### 6. *Petitioner's Motion for Writ of Certiorari (Doc. 23)*

Petitioner in this motion requests that the transcripts and other documents from his criminal trial be produced to him for his examination and inspection. Petitioner has inappropriately entitled the motion as one for a writ of certiorari. Inasmuch as the undersigned has recommended that this petition be dismissed as unexhausted, it follows that this motion should be **DENIED**. It is so RECOMMENDED.

### 7. *Petitioner's Motion to Vacate Sentence (Doc. 25)*

Petitioner filed this motion, submitted documentation regarding his attempts to appeal his conviction and obtain a copy of his transcript.

Attached are several orders from Judge Davis of Tifton Judicial Circuit dated August 23, 2004, denying petitioner's demands for a trial transcript and for the appointment of counsel; a letter from the State Bar of Georgia dated July 10, 2006, regarding petitioner's filing of a grievance against his trial counsel; a letter from the State of Bar of Georgia dated July 10, 2006 regarding a grievance petitioner filed against his trial judge; a letter from the Center for Prisoner's Legal Assistance dated July 22, 1996; a letter from Clerk of the Court of Appeals of Georgia dated July 26, 1996; and other documents from petitioner contending that he sent various motions to Tift County Superior Court and the Court of Appeals of Georgia[1] .

---

[1] The undersigned notes that petitioner did not provide a copy of a certificate of service, or any other documentation showing that his motions were sent in the mail, much less received, by the courts.

None of these documents show that petitioner actually filed an appeal or a state habeas petition; on the contrary, they show that petitioner has not, as he was advised by the various officials who wrote him back. These do not show that petitioner has exhausted available state remedies, and in light of the recommendation above to dismiss the petition without prejudice for failure to exhaust, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

## 8. *Petitioner's Motion to Vacate Sentence (Doc. 26)*

Petitioner files this motion, which is a repeat of several other motions addressed above, wherein petitioner contends that his failure to exhaust or timely file was excusable due to a "disease of the mind" caused by unconstitutional actions on the part of trial counsel, the trial judge, and law enforcement officials. As this issue was addressed by the undersigned above in the discussion regarding respondent's motion to dismiss, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

## 9. *Petitioner's Motion for Relief (Doc. 29)*

This motion appears to be a reiteration of petitioner's previous motions and responses in opposition to respondent's motion to dismiss. As the undersigned has already considered everything contained in this motion elsewhere in this recommendation, and this motion providing nothing new for consideration, it is the RECOMMENDATION of the undersigned that this motion be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 7th day of November, 2006.

                                                //S Richard L. Hodge
                                                RICHARD L. HODGE
                                                UNITED STATES MAGISTRATE JUDGE

msd