# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| WAYNE REDDICK, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. |
| | : | 7:05-CV-121 (HL) |
| HUGH SMITH, Warden | : | |
| Resopondent. | : | |

## ORDER

Petitioner's "Motion for U.S. Mail Tampering and Fraud on above case by Officials at Georgia State Prison" (Doc. 38), Petitioner's "Motion of Unconstitutional as Amended by the AEDPA with Respect to any Claim in State Court" (Doc. 39), Petitioner's "Motion for Relief" (Doc. 40), and Petitioner's "Motion for Corruption U.S. Mail Tampering and Forgery to Deny Access to Court and Due Process to Petition" (Doc. 41) are before the Court.

## I. PETITIONER'S MOTION FOR U.S. MAIL TAMPERING AND FRAUD ON ABOVE CASE BY OFFICIALS AT GEORGIA STATE PRISON (DOC. 38)

Petitioner states that his petition "cannot be dismissed for want of prosecute in the above case due unconstitutional practices and policies placed in place to discriminate of Petitioner." Petitioner then moves "that G.S.P. mail room [be] charged with United States Mail Tampering and Forgery by Petitioner in civil action." First, the Court notes Petitioner's habeas corpus petition was not dismissed for want of prosecution. As explained by Judge Hodge in a Recommendation filed November 7, 2006, the Court dismissed the petition because Petitioner

had failed to exhaust the applicable state remedies.

Second, as this case is currently before the Court as a habeas corpus petition, the type of relief requested, namely that the mail room at Georgia State Prison be charged with mail tampering, is not available to Petitioner at this juncture. Accordingly, Petitioner's Motion is denied. The relief requested is, however, appropriately addressed in the context of a civil action filed pursuant to 42 U.S.C. § 1983. Therefore, the clerk is directed to forward to the Petitioner the appropriate § 1983 forms.

## II. PETITIONER'S MOTION OF UNCONSTITUTIONAL AS AMENDED BY THE AEDPA WITH RESPECT TO ANY CLAIM IN STATE COURT (DOC. 39)

Petitioner argues that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional because it "resulted in a decision contrary to the United States Constitution which is superior to any act of legislation" for "[t]here can be no presumption of correctness in a state court proceedings when the state court does not correct constitutional violations."

"Proper respect for a co-ordinate branch of the government requires the courts of the United States to give effect to the presumption that [C]ongress will pass no act not within its constitutional power." United States v. Harris, 106 U.S. 629, 635, 1 S. Ct. 601, 606 (1883). To this end, courts may "invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." United States v. Morrison, 529 U.S. 598, 607, 120 S. Ct. 1740, 1748 (2000). As Petitioner fails to offer any argument, discussion, or explanation regarding his cryptic allegation that the AEDPA is unconstitutional as applied to

2

his case, the Court in unable to conclude that Petitioner has made the showing necessary to overcome the presumption that the statute is constitutional.

Petitioner also asserts his underlying state court conviction and sentence involved "unreasonable applications of clearly established constitutional rights, of Petitioner involving the 1st, 4th, 5th, 6th, 8th, 13th, and 14th Amendments to the U.S. Constitution." This argument is nothing more than a restatement of the arguments asserted by Petitioner in support of his habeas corpus petition and have been fully examined by Judge Hodge in recommending to the Court that Petitioner's habeas corpus petition be denied. Consequently, Petitioner's Motion is denied.

### III. PETITIONER'S MOTION FOR RELIEF (DOC. 40)

In this Motion, Petitioner asserts "Superior Court Trial Judge William Forehand [and] Attorney Owens conspired [together with other state officials] to deny Petitioner of due process . . . [and] equal protection." Petitioner also states he "seeks to file and prosecute a claim under Civil Rights Act In Forma Pauperis, for violations of Petitioner Constitutional Rights under the 1st, 4th, 5th, 6th, 8th, 13th, and 14th Amendments of the U.S. Constitution." As explained above, should Petitioner wish to prosecute a civil claim against various officials he should file the appropriate documents to bring an action under 42 U.S.C. § 1983. Therefore, Petitioner's Motion is denied.

### IV. PETITIONER'S MOTION FOR CORRUPTION U.S. MAIL TAMPERING AND FORGERY TO DENY ACCESS TO COURT AND DUE PROCESS TO PETITION (DOC. 41)

Petitioner asks the Court to "issue a restraing order for United States mail tampering and fraud, the use of excessive force on Petitioner, proper medical treatment for Petitioner as

3

prescribed by doctors, the forgery of Petitioner name by G.S.P. officials, [and] the illegal infection of deadly diseases willingly and knowingly by G.S.P. officials." Once more the relief requested by Petitioner is more appropriately addressed in an action filed pursuant to 42 U.S.C. § 1983. Thus, Petitioner's Motion is denied.

## V. CONCLUSION

As explained herein, Petitioner's "Motion for U.S. Mail Tampering and Fraud on above case by Officials at Georgia State Prison" (Doc. 38), Petitioner's "Motion of Unconstitutional as Amended by the AEDPA with Respect to any Claim in State Court" (Doc. 39), Petitioner's "Motion for Relief" (Doc. 40), and Petitioner's "Motion for Corruption U.S. Mail Tampering and Forgery to Deny Access to Court and Due Process to Petition" (Doc. 41) are denied. In addition, the clerk is directed to forward to the Petitioner the appropriate § 1983 complaint forms.

**SO ORDERED**, this the 19th day of April, 2007.

                          **/s/ Hugh Lawson**
                          **HUGH LAWSON, Judge**

scs